Judge: Hon. Christopher M. Alston
Chapter 11
Hearing Date: July 16, 2026
Hearing Time: 9:30 A.M.
Hearing Location: Courtroom 7206
Response Date: July 9, 2026

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**

**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

**In re: Case No.: 26-12062-CMA**

**In re DANIEL VASILE SUCIU,**

**DEBTOR'S RESPONSE AND OBJECTION TO MOTION FOR RELIEF FROM STAY; with SUBJOINED DECLARATION OF DANIEL SUCIU IN SUPPORT OF OBJECTION**

The Debtor, Daniel Vasile Suciu, appearing pro se, respectfully objects to Creditor Nadlan Group LLC's ("Nadlan") Motion for Relief from Stay [Dkt. No. 16] and requests that the Court deny the Motion outright due to a fundamental, defective failure of proper service. The Debtor's supporting Declaration is subjoined and immediately follows this Response.

## I. RELIEF REQUESTED

The Debtor respectfully requests that this Court deny Nadlan's Motion for Relief from Stay outright because Nadlan failed to legally serve the Debtor with the substantive motion, supporting declarations, and evidentiary exhibits.

**DEBTOR'S RESPONSE AND OBJECTION TO MOTION FOR RELIEF FROM STAY; with SUBJOINED DECLARATION OF DANIEL SUCIU IN SUPPORT OF OBJECTION -- Page 1 of 7**



In the alternative, if the Court does not deny the motion outright, the Debtor requests that the Court order Nadlan to provide proper service of all moving papers and continue the July 16, 2026 hearing for at least 21 to 30 days from the date of actual service, so that the Debtor has a fair opportunity to review the materials, understand what this matter is about, and secure bankruptcy counsel to respond.

## II. GROUNDS FOR OBJECTION & EVIDENCE OF DEFECTIVE SERVICE

1. The Debtor filed this Chapter 11 bankruptcy petition pro se on June 24, 2026 [Dkt. No. 1]. Because the Debtor is an unrepresented individual, he is not a registered user of the Court's Electronic Case Filing (CM/ECF) system and must be served by physical mail or personal delivery under the rules.

2. Service of a motion for relief from the automatic stay is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014. Under Fed. R. Bankr. P. 9014(b), the motion must be served in the manner provided for service of a summons and complaint by Federal Rule of Bankruptcy Procedure 7004. For an individual debtor, Fed. R. Bankr. P. 7004(b)(1) strictly mandates service by first-class mail, postage prepaid, directed to the individual's dwelling house or usual place of abode. Furthermore, Federal Rule of Bankruptcy Procedure 9036 governs electronic notice and service. Under Fed. R. Bankr. P. 9036(b)(1) and (b)(2), electronic service is strictly restricted to entities that have registered for the CM/ECF system or unrepresented parties who have expressly "consented in writing to electronic service." Local Bankruptcy Rule (LBR) 9013-1(d) explicitly echoes these demands, requiring that the full moving papers be properly transmitted to non-ECF participants.

3. Alternatively, even if Federal Rule of Bankruptcy Procedure 7005 (which incorporates Federal Rule of Civil Procedure 5) is found to apply to subsequent moving papers in a contested matter, Nadlan's service remains completely non-compliant, illegal, and procedurally void:

a. Under Fed. R. Civ. P. 5(b)(2)(C), service by U.S. Mail requires mailing the actual paper to the person's last known address. Nadlan's mail service was structurally incomplete and failed because they completely omitted the substantive Motion and supporting declarations from the physical envelope.

b. Under Fed. R. Civ. P. 5(b)(2)(E), electronic email service is explicitly prohibited unless the recipient has "consented in writing." The Debtor is pro se, is not on the CM/ECF system, and has never filed a written consent to electronic or email service on the court record as strictly required by Rule 7005 and Fed. R. Bankr. P. 9036.

4. Nadlan's own proofs of service demonstrate a fatal and non-compliant defect under all applicable standards: a. The physical mail Proof of Service filed by Travis Escame [Dkt. No. 16-2] shows that Nadlan failed to enclose or mail the substantive 21-page Motion for Relief from Stay [Dkt. No. 16], the 102-page Declaration of Conner Morgan and its 16 exhibits [Dkt. No. 17], or the 47-page Declaration of Travis Escame and its 5 exhibits [Dkt. No. 19]. b. To substitute for this total lack of physical service, attorney Conner Morgan filed an electronic Proof of Service [Dkt. No. 16-3] claiming that Nadlan "electronically served" these extensive files to the email address: didasuciu@yahoo.com.

5. As explicitly detailed in paragraphs 4 and 5 of the subjoined Declaration, the electronic email service upon an unrepresented party attempted by Nadlan is completely void under Fed. R. Bankr. P. 7005, Fed. R. Civ. P. 5(b)(2)(E), and Fed. R. Bankr. P. 9036. The email address didasuciu@yahoo.com utilized by Nadlan is not the Debtor's email address, is not an account he uses, and is an account to which he has zero operational access. To the contrary, as set forth in paragraph 5 of the Declaration, the Debtor's actual operational email address is danielsuciu@yahoo.com, which he uses extensively for both personal and business matters. Nadlan and its counsel are fully aware of this correct address because it was integrated directly into the operating agreement for FRIENDLY OLD FOLKS

**DEBTOR'S RESPONSE AND OBJECTION TO MOTION FOR RELIEF FROM STAY; with SUBJOINED DECLARATION OF DANIEL SUCIU IN SUPPORT OF OBJECTION -- Page 3 of 7**

HOME LLC—the very joint business venture and subsequent state court litigation that produced the underlying judgment lien Nadlan is attempting to enforce here. Nadlan cannot bypass the physical service constraints of Rule 7004 or the express written consent requirements of Rule 7005 and Rule 9036 by inventing an unassociated email address while hiding the Debtor's actual business communication channels from the Court.

6. The Debtor expresses deep exasperation and objection regarding the blatant due process violations engineered by the moving party. By withholding roughly 150 pages of highly adverse substantive allegations and exhibits from the physical mail, and fabricating an electronic email service record on an unauthorized, non-existent account, Nadlan deliberately attempted to force an emergency 21-day timeline on an unrepresented debtor to construct a quiet, swift technical default. As outlined in paragraphs 11 and 12 of the Declaration, if the Debtor had been unable to navigate the docket or secure immediate legal guidance to expose this defect, the estate would have faced an immediate, unjust sheriff's foreclosure on an asset that possesses a massive equity cushion protecting all parties. A pro se debtor cannot fairly or legally be required to formulate a defense by an aggressive response deadline without ever being served the moving documents. Nadlan must not be rewarded for bypassing the strict mandates of Fed. R. Bankr. P. 7004, 7005, 9014, and 9036.

Respectfully submitted on July 9, 2026

_____

/s/ Daniel Vasile Suciu
Daniel Vasile Suciu, Debtor Pro Se
36058 21st Ln S
Federal Way, WA 98003
Phone: 206-595-3203
Email: danielsuciu@yahoo.com

## DECLARATION OF DANIEL SUCIU

I, Daniel Vasile Suciu, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the Debtor in the above-captioned Chapter 11 bankruptcy proceeding. I am representing myself pro se and make this declaration based upon personal knowledge.

2. I have never received a physical copy of Creditor Nadlan Group LLC's Motion for Relief from Stay [Dkt. No. 16], the Proposed Order [Dkt. No. 16-1], the 102-page Declaration of Conner Morgan [Dkt. No. 17], or the 47-page Declaration of Travis Escame [Dkt. No. 19] via United States Mail or any other form of physical delivery. Nor have I received these pleadings by email delivery either.

3. I have reviewed the electronic Proof of Service filed by attorney Conner Morgan [Dkt. No. 16-3], which claims that all of these motion documents were electronically mailed to me at the alleged email address: didasuciu@yahoo.com.

4. The email address didasuciu@yahoo.com is not my email address, I do not use it, and I do not have access to it. My actual email address is danielsuciu@yahoo.com.

5. I use danielsuciu@yahoo.com extensively for both personal and business communications. Nadlan and its principals are fully aware of this address, as it was specifically included in the operating agreement Nadlan and I signed in September 2021 for FRIENDLY OLD FOLKS HOME LLC—the very business venture and subsequent state court litigation that produced the underlying judgment lien Nadlan is attempting to enforce against my property.

6. I have never authorized Nadlan Group LLC, its counsel, or any other party in this case to serve me with legal documents, motions, or pleadings via electronic mail.

7. I am utterly bewildered as to how attorney Conner Morgan could execute a formal declaration under penalty of perjury certifying that he knows and believes

**DEBTOR'S RESPONSE AND OBJECTION TO MOTION FOR RELIEF FROM STAY; with SUBJOINED DECLARATION OF DANIEL SUCIU IN SUPPORT OF OBJECTION -- Page 5 of 7**

didasuciu@yahoo.com to be my true, correct, and current email address. Given our extensive prior business dealings and specific contract documentation containing my actual business email address, this representation is demonstrably false. There should be appropriate legal consequences for an officer of the court submitting an obviously false certification to obtain a procedural advantage over an unrepresented party.

8. While I cannot fully address the substantive merits of the Motion until I am properly served with the moving papers (and have proper time to review them), I am aware that the Motion targets my property located at 16028 NE 184th Pl, Woodinville, WA 98072 (the "Woodinville Property"). There is substantial equity in this asset to protect all creditors, and Nadlan is adequately protected.

9. The encumbrances against the Woodinville Property consist of a first mortgage held by PennyMac with a balance of approximately $620,000. Nadlan's claimed judgment lien with interest totals approximately $450,000. These two encumbrances stand at roughly $1.07 million.

10. In contrast, the market value of the Woodinville Property vastly exceeds these balances:

a. The King County Department of Assessments lists the current total assessed value of the property at $2,006,000.

b. The current online Zillow market estimate valuation sits at $2,166,700.

c. It is my understanding and belief that Nadlan itself commissioned multiple independent property appraisals and valuations approximately one year ago that valued the Woodinville Property between $2.2 million and $2.3 million.

11. There is approximately $900,000 to $1.2 million in equity remaining in the Woodinville Property after the first mortgage and claimed Nadlan judgment lien. Nadlan faces no risk of harm or erosion of its position.

12. It is my intent to file a Chapter 11 Plan that provides for the orderly, structured sale of the Woodinville Property via an established fair market listing. A standard real estate listing will maximize the recovery value for the estate far more effectively than a distressed sheriff's sale, ensuring a fair result for all interested parties.

13. Nadlan has deliberately bypassed the rules of proper service to force an emergency 21-day timeline on a pro se debtor. By withholding roughly 150 pages of substantive paperwork (i.e. basically everything, the motion and the two supporting declarations) and filing a false certification of email service, they attempted to engineer a swift, quiet technical default before I could secure legal representation to protect my rights. This motion should be denied outright.

Signed and dated this 9th day of July, 2026, at Federal Way, Washington.

_7/9/26_

/s/ Daniel Vasile Suciu
Daniel Vasile Suciu, Debtor Pro Se
36058 21st Ln S
Federal Way, WA 98003
Phone: 206-595-3203
Email: danielsuciu@yahoo.com